JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DLI PROPERTIES, LLC,<br><br>        Plaintiff,<br><br>    vs.<br><br>ROBERT G. TOLER III, et al.,<br><br>        Defendants. | Case No. ED CV 17-198-JGB (SPx)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

      The Court will remand this action to state court summarily because defendant removed it improperly.

      On February 3, 2017, defendant Robert G. Toler III, having been sued in what – so far as the Court can tell – appears to be an unlawful detainer action in California Superior Court for Los Angeles County, filed a Notice of Removal of that action to this Court. There are defects in the removal process defendant employed, and it appears there is no basis for this Court's jurisdiction in any event.

      First, defendant failed to attach to his Notice of Removal "a copy of all process, pleadings, and orders served upon such defendant" in the state action, as required for removal to be effective. See 28 U.S.C. § 1446(a). In particular, he did not attach a copy of the complaint, but instead attached only his Notice of

Filing Notice of Removal to Federal Court, which defendant apparently filed in the state action. Thus, the only indication the Court has about the nature of the underlying state action is from defendant's hints about the nature of the case in his Notice of Removal.[1] Defendant's failure to attach a copy of the complaint renders the removal defective and, by itself, warrants remand.

Second, because the complaint is missing, the Court cannot verify defendant's allegations supporting diversity or federal question jurisdiction, and there are reasons to question those allegations. Defendant principally asserts diversity jurisdiction as his basis for removal. *See* 28 U.S.C. § 1332. But even accepting defendant's allegations of diversity of citizenship, his claim that the amount in controversy "more likely than not exceeds $75,000" is suspect. *See* Notice of Removal at 3. Defendant asserts plaintiff does not quantify the amount in controversy, but the amount likely exceeds $75,000 based on plaintiff's claims. Defendant fails to identify those claims, but given that defendant states he currently has a pending cross-complaint against plaintiff for wrongful foreclosure, it appears likely the case defendant removed is an unlawful detainer action, which is unlikely to have more than $75,000 in controversy. Defendant also suggests federal question jurisdiction as his basis for removal. *See* 28 U.S.C. § 1331. But although he states the case is based on the Fair Debt Collection Practices Act, this makes little sense given that he is being sued by a property company and the other assertions defendant makes about the case. It appears defendant is in fact asserting his own defense case raises federal questions. "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986);

---

[1] The Court attempted to look up the Los Angeles Superior Court's records of the case, No. 16F05606, but was unable to locate it on the court's website (http://www.lacourt.org/casesummary/ui/index.aspx?casetype=civil).

*accord More-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1244 (9th Cir. 2009). Any federal claim must arise in the underlying complaint in order to invoke federal jurisdiction. *See Merrell Dow*, 478 U.S. at 808 ("the question for removal jurisdiction must . . . be determined by reference to the 'well-pleaded complaint'").

In light of these defects, on February 6, 2017, the Court issued an Order denying defendant's request to proceed in forma pauperis ("IFP"), and giving him 30 days to either pay the filing fees in full or file an amended IFP application, and warned him the case would be dismissed if he failed to do so. Defendant failed to do either. As such, the Court presumes it lacks jurisdiction, and in any event the case cannot proceed in this Court.

Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the Superior Court of California for Los Angeles County for procedural defects and lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); and (2) the Clerk send a certified copy of this Order to the state court.

DATED: March 16, 2017

HONORABLE JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

Presented by:

Sheri Pym
United States Magistrate Judge